```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
NICOLE A. R.                  :   Civ. No. 3:19CV00278(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :   February 22, 2022
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br>UNDER 42 U.S.C. §406(b) [Doc. #21]**

Plaintiff Nicole A. R. ("plaintiff") has filed a motion seeking the payment of attorney's fees under 42 U.S.C. §406(b). [Doc. #21]. For the reasons set forth below, plaintiff's motion [**Doc. #21**] is **GRANTED** in the amount of **$21,306.94**.

**A.    BACKGROUND**

Plaintiff filed an application for DIB on August 16, 2016, alleging disability beginning August 15, 2016. See Certified Transcript of the Administrative Record, Doc. #11, compiled on April 6, 2019, (hereinafter "Tr.") at 194-97. Plaintiff later filed an application for SSI on September 19, 2016, alleging disability beginning on August 23, 2016. See Tr. 198-205. Plaintiff's applications were denied initially on November 4, 2016, see Tr. 130-38, and upon reconsideration on February 14, 2017. See Tr. 141-48.

1

On November 29, 2017, plaintiff, represented by Attorney Kevin M. Blake, appeared and testified by videoconference at a hearing before Administrative Law Judge ("ALJ") Barry Best. See generally Tr. 51-84. Vocational Expert ("VE") Estelle Hutchinson appeared and testified in person at the administrative hearing. See Tr. 76-84; see also Tr. 38-42. On January 30, 2018, the ALJ issued an unfavorable decision. See Tr. 14-36. On January 18, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby making the ALJ's January 30, 2018, decision the final decision of the Commissioner. See Tr. 1-6. Plaintiff, represented by Attorney Ivan M. Katz, timely filed an action for review in this Court, moving to reverse the decision of the Commissioner. [Doc. #13].

The undersigned granted plaintiff's motion to remand on January 20, 2020, see Doc. #17, and entered a judgment in favor of plaintiff on January 21, 2020. See Doc. #18. On February 19, 2020, plaintiff filed a "Stipulation for Allowance of Fees Under the Equal Access to Justice Act[.]" Doc. #19. On February 10, 2020, the undersigned approved and so ordered the parties' fee stipulation, for the stipulated amount of $6,390.00. See Doc. #20.

Following remand for further administrative proceedings, ALJ Matthew Kuperstein issued a fully favorable decision on March 26, 2021. See Doc. #21 at 1. On June 1, 2021, the Social

2

Security Administration ("SSA") issued a "Notice of Award" to plaintiff, relating solely to the SSI portion of her claim. See id. at 2. That Notice indicated that plaintiff "was due retroactive Title XVI payments of $43,341.00. 25% of this amount is $10,857.75." Id. On June 8, 2021, plaintiff timely filed a motion for a §406(b) Award, addressing only the SSI portion of the claim, and informing the Court that plaintiff had not yet been informed "of the calculation of [plaintiff's] Title II benefit – either for her or her dependent children." Id.

On January 14, 2022, plaintiff filed a supplement to the motion for a §406(b) Award,[1] indicating that the SSA had issued a "Notice of Award" to plaintiff relating to "the Title II aspect of the claim." Doc. #24 at 2. That Notice of Award indicated that a total of $21,306.94 had been withheld from the benefits owing to plaintiff and her dependent child to pay her counsel. See id. "This amount is inclusive of the $10,857.75 withheld per the initial SSI-related Notice of Award." Id. at 2 n.1.

"The total fee sought in" plaintiff's submissions, taken together, "is $21,306.94 ... representing 25% of retroactive benefit due to" plaintiff and her dependent child. Id. at 2-3.

---

[1] Plaintiff's counsel docketed this supplement as a second motion for fees; the Court construes it instead as a supplemental memorandum in support of the original motion.

As plaintiff acknowledges, "[a] fee in the amount of $6,390.00 was sought and paid under the Equal Access to Justice Act." Doc. #24 at 6; see also Doc. #20 (fee award). Plaintiff's counsel indicates that he "is aware that the smaller of the fee sought hereunder and the Equal Access to Justice Act fee is to be 'refunded' to" plaintiff, and that counsel "will so certify to the Court." Doc. #24 at 6.

On February 18, 2022, the Commissioner filed a response to plaintiff's fee request. See Doc. #29. The Commissioner does not object to the amount sought by plaintiff, stating: "The Commissioner notes that the requested fee does not exceed the statutory cap, and the Commissioner is unaware of any fraud or overreaching. The Commissioner therefore defers to the Court to determine the reasonableness of the requested fee and the timeliness of Plaintiff's motion." Doc. #29 at 5.

**B.    LEGAL STANDARD**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657 (S.D.N.Y. 2018). Section "406(b) does not displace contingent-fee

4

agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the

5

amount of the time counsel spent on the case.'" Sama v. Colvin, No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

## C. DISCUSSION

On or about March 20, 2018, Plaintiff signed a fee agreement agreeing: "If I win at any administrative or judicial level after the date on this agreement, I agree that the attorney fee will be twenty-five percent (25%) of all past-due benefits awarded to my family and me." Doc. #21-2 at 1. In light of this agreement and the Court's review of plaintiff's request for fees and defendant's response, the Court concludes that the requested fee is reasonable for the following reasons.

First, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved[.]" Sama, 2014 WL 2921661, at *2

6

(citation and quotation marks omitted). Plaintiff's counsel achieved a fully favorable result for plaintiff by securing a remand to the administrative level and thereafter obtaining an award of past-due benefits.

Second, there is nothing to suggest that plaintiff's counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee. Indeed, counsel did not seek any extensions of the scheduling orders in this matter. See Doc. #12.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 WL 2921661, at *2 (citation and quotation marks omitted). Plaintiff's counsel spent 31.6 hours working on this case. See Doc. #21 at 1. The EAJA fees previously awarded in this action totaled $6,390.00 for 31.6 hours of work. See Doc. #20 at 3. The fee now requested pursuant to §406(b) -- $21,306.94 -- translates to an hourly rate of $674.27. This hourly rate is within the range of other section §406(b) awards that have been approved in this District. See, e.g., Brenda L. O. v. Kijakazi, No. 3:19CV00232(SALM), 2021 WL 4167442, at *3 (D. Conn. Sept. 14, 2021) (approving a §406(b) fee award at an effective hourly rate of $724.28); Dolcetti v. Saul, No. 3:17CV01820(VAB), 2020 WL 2124639, at *6 (D. Conn. May 5, 2020) (approving a §406(b) fee award at an effective hourly

7

rate of $587.68); Vainwright v. Berryhill, No. 3:15CV01025(JCH)(SALM), 2017 WL 3493608, at *3 (D. Conn. Aug. 15, 2017) (approving a §406(b) fee award at an effective hourly rate of $516.66); Sama, 2014 WL 2921661, at *4 (approving a §406(b) fee award at an effective hourly rate of $785.30). The Court finds that the fee now requested pursuant to section 406(b) is reasonable and would not be an inappropriate windfall to plaintiff's counsel.

Accordingly, the requested attorney's fees in the amount of $21,306.94 will be awarded to plaintiff's counsel.

### D.   CONCLUSION

For the reasons set forth herein, plaintiff's Motion for Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #21**] is **GRANTED**. Plaintiff's counsel is awarded attorney's fees in the amount of **$21,306.94. The award of $21,306.94 supersedes and replaces the $6,390.00 in attorney's fees previously awarded by the Court on February 10, 2020.** See Doc. #20.

"Fee awards may be made under both" the EAJA and §406(b) "but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (citation and quotation marks omitted). Accordingly, upon receipt of the amended award, Attorney Katz is ordered to pay to plaintiff the amount of **$6,390.00,** and to thereafter file a certification on the docket that he has done so.

8

It is so ordered at New Haven, Connecticut this 22nd day of February, 2022.

          /s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE